UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| AUDUBON REAL ESTATE ASSOCIATES, L.L.C. | CIVIL ACTION |
| VERSUS | NO: |
| AUDUBON REALTY, L.L.C. | |

## COMPLAINT FOR DECLRATORY JUDGMENT

Plaintiff Audubon Real Estate Associates, L.L.C., by its attorneys, and for its complaint against Audubon Realty, L.L.C. alleges:

### NATURE OF ACTION

1.

This is an action for declaratory judgment relating to a claim of unfair competition, trademark infringement, trademark dilution, false designation of origin, and unfair trade practices arising under the Lanham (Trademark) Act, Title 35 United States Code.

### PARTIES

2.

Audubon Real Estate Associates, L.L.C., is a Louisiana limited liability company domiciled in Baton Rouge, Louisiana.

3.

Defendant, Audubon Realty, LLC is a Louisiana limited liability company domiciled in Metairie, Louisiana.

1572124-1

## JURISDICTION AND VENUE

4.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), and 1338 (civil action arising under an Act of Congress relating to trademarks).

5.

Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## BASIS FOR DECLARATORY RELIEF

6.

Plaintiff, Audubon Real Estate Associates, L.L.C., is a real estate broker that sells real estate in the city of Baton Rouge and the parishes surrounding Baton Rouge including East Baton Rouge, West Baton Rouge, East Feliciana, Iberville, Livingston, Pointe Coupee, St Helena, West Baton Rouge, West Feliciana, St Tammany, and Tangipahoa.

7.

Audubon Real Estate Associates filed its organizational documents with the Louisiana Secretary of State on January 18, 2011.

8.

On November 18, 2014, Audubon Real Estate Associates was granted a service mark by the Louisiana Secretary of State over its logo which features its name "Audubon Real Estate Associates." *See* La. SOS Service Mark registration, attached as Exhibit 1.

9.

Defendant Audubon Realty is a real estate broker that sells real estate in the city of New Orleans and parishes surrounding New Orleans including Orleans Parish, Jefferson Parish, St. Tammany Parish and St. Bernard Parish.

10.

On or about February 12, 2015, Plaintiff received a letter from Mr. Duris Holmes, counsel for Audubon Realty (a copy of which is attached as Exhibit 2), asserting that Plaintiff's use of the name "Audubon Real Estate Associates" was infringing on the alleged trademark rights of "Audubon Realty", and threatening to file a lawsuit alleging unfair competition, trademark infringement, trademark dilution, false designation of origin, and unfair trade practices if Audubon Real Estate Associates did not immediately cease using its name in commerce.

11.

On February 25, 2015, Plaintiff received a second letter from counsel for Audubon Realty again threatening to file a lawsuit (a copy of which is attached as Exhibit 3).

12.

In view of the February 12, 2015 and February 25, 2015 letters received from Audubon Realty's counsel, there is an actual case or controversy between plaintiff, Audubon Real Estate Associates, and defendant, Audubon realty, within the meaning of 28 U.S.C. § 2201 concerning the defendant's asserted trademark infringement and unfair competition claims.

## COUNT I – DECLARATORY JUDGMENT THAT PLAINTIFF HAS NOT INFRINGED UPON ANY LEGALLY PROTECTABLE TRADEMARK OF AUDUBON REALTY

13.

The United States Court of Appeals For The Fifth Circuit has recognized that a threshold showing of a mark's eligibility for protection or its registrability is necessary prior to deciding whether an infringement of a legally protectable mark has occurred. *See World Carpets, Inc. v. Dick Litrell's New World Carpets*, 438 F.2d 482, 487 (5th Cir. 1971) ("Having disposed of the threshold question of registrability, we must examine the gravamen of any action for trademark infringement – confusion ….").

14.

Audubon Realty cannot meet the threshold for trademark protection or registrability under the Lanham Act because the mark "Audubon Realty" is primarily geographically descriptive of the origin of Audubon Realty's services. *See* 15 U.S.C. §1052(e)(2) ("No trademark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration … unless it … (e) Consists of a mark which … (2) when used on or in connection with the goods of the applicant is primarily geographically descriptive of them….").

15.

Under Section 1210.01(a) of the Trademark Manual of Examining Procedure, a mark is primarily geographically descriptive when the following is demonstrated:

(1)   The primary significance of the mark is a generally known geographic place or location;
(2)   The goods and/or services for which the applicant seeks registration originate in the geographic place identified in the mark; and

(3)     Purchasor would be likely to make a goods-place or services-place association; that is, purchasors would be likely to believe that the goods and/or services originate in the geographic place identified in the mark.

TMEP §1210.01(a); *see also In re Carolina Apparel*, 48 USPQ2d 1542 (TTAB 1998); *In re California Pizza Kitchen, Inc.*, 10 USPQ2d 1704 (TTAB 1988).

16.

"Audubon" is a neighborhood of the city of New Orleans. It is in fact a sub district of the Uptown/Carrolton Area with boundaries that are defined by the City Planning Commission. Since Audubon Realty is actually selling realty within the Audubon geographic area (as well as surrounding areas), customers are likely to make a services-place association.

17.

Moreover, the term "realty" is merely descriptive of the services provided by "Audubon Realty" because Audubon is in fact selling "realty" in the Audubon area (and the surrounding areas). The addition of generic or highly descriptive wording to a geographic word or term does not diminish that geographic word or term's primary geographic significance. *See In re JT Tobacconists*, 59 USPQ2d 1080 (TTAB 2001) (holding MINNESOTA CIGAR COMPANY primarily geographically descriptive of cigars); *see also In re Chalk's Int'l Airlines Inc.*, 21 USPQ2d 1637 (TTAB 1991) (holding PARADISE ISLAND AIRLINES primarily geographically descriptive of the transportation of passengers and goods by air.").

1572124-1

5

18.

Accordingly, Plaintiff seeks a declaratory judgment that Audubon Realty has no legally protectable trademark rights that Plaintiff has infringed upon because the mark "Audubon Realty" is primarily geographically descriptive of the origin of Audubon Realty's services.

**COUNT II – DECLARATORY JUDGMENT THAT PLAINTIFF'S USE OF THE SERVICE MARK "AUDUBON REAL ESTATE ASSOCIATES" DOES NOT INFRINGE UPON ANY TRADEMARK RIGHTS OF THE DEFENDANT IN THE MARK "AUDUBON REALTY"**

19.

Even if the Defendant had a legally protectable interest or trademark rights over the term "Audubon Realty," which is denied, Plaintiff asserts that its service mark "Audubon Real Estate Associates" does not infringe upon the mark "Audubon Realty."

20.

The term "Real Estate Associates" is not synonymous with the term "Realty." "Real Estate Associates" are <u>persons</u> who are engaged in the business of real estate. "Realty" obviously refers to immovable property itself. Accordingly, the marks "Audubon Real Estate Associates" and "Audubon Realty" are different in sound, appearance, presentation and meaning. Average consumers can therefore readily distinguish between the marks and would not likely be confused by the origin of the brokerage services.

21.

In its cease and desist letters Audubon Realty improperly attempts to frame the issue as whether the word "realty" is confusingly similar to the word "real estate." This is an incorrect

recitation of the dispute before the Court. The correct issue before the Court is whether the term "Real Estate Associates" is confusingly similar to the word "Realty."

22.

As further proof that the marks "Audubon Real Estate Associates" and "Audubon Realty" are not confusingly similar, Plaintiff notes that the service mark "Heritage Real Estate Associates" was registered on the USPTO's Principal Register on March 6, 2012. On February 14, 2014, in connection with an application for trademark protection over the term "Heritage Realty Services" the USPTO's trademark examiner found that "The Office records have been searched and there are no similar registered or pending marks that would bar registration [of Heritage Realty Services] under the Trademark Act Section 2(d), 15 U.S.C. § 1052(d). TMEP §704.02."

23.

Accordingly, even if "Audubon Realty" had a legally protectable interest (*i.e.* if it was not primarily geographically descriptive), then it still is <u>not</u> confusingly similar to the mark "Audubon Real Estate Associates."

24.

Plaintiff thus seeks a declaratory judgment that its service mark "Audubon Real Estate Associates" does not infringe upon any trademark rights that Defendant may have in the mark "Audubon Realty."

### Request for Relief

**WHEREFORE**, Plaintiff Audubon Real Estate Associates, L.L.C. requests that a declaratory judgment be entered in its favor against Audubon Realty, L.L.C., as follows:

A. Adjudging that Audubon Realty, L.L.C. has no legally protectable trademark rights that Plaintiff has infringed upon because the mark "Audubon Realty" is primarily geographically descriptive of the origin of Audubon Realty's services;

B. Adjudging that Plaintiff's service mark "Audubon Real Estate Associates" does not infringe upon any trademark rights that Defendant may have in the mark "Audubon Realty";

C. Adjudging that Plaintiff is not liable to Defendant for unfair competition, trademark infringement, trademark dilution, false designation of origin, and unfair trade practices;

D. Awarding Plaintiff the reasonable costs of this action; and,

E. Granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

/Charles D. Marshall, III/
Charles D. Marshall, III. (#27564)
Scott C. Barney, T.A. (#21868)
**CHAFFE McCALL, L.L.P.**
1100 Poydras Street, Suite 2300
New Orleans, LA  70163-2300
Telephone:  (504) 585-7000
Telefax: (504) 544-6095
*Attorneys for Audubon Real Estate Associates, LLC*

**PLEASE SERVE:**
Audubon Realty, L.L.C.
Through its registered agent for service of process:

David D. Reso
2901 Ridgelake Dr.
Metairie, LA. 70002

1572124-1

8