**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| AUDUBON REAL ESTATE ASSOCIATES, L.L.C. | CIVIL ACTION |
| VERSUS | 15-115-SDD-SCR |
| AUDUBON REALTY, L.L.C. | |

## RULING

Before the Court is a *Motion to Dismiss*[1] filed by Defendant, Audubon Realty, L.L.C., to which is the Plaintiff, Audubon Real Estate Associates, L.L.C., filed a *Memorandum in Opposition*[2]. For the reasons which follow the motion is denied.

**I.     FACTUAL BACKGROUND**

This case arises from a dispute over the use of the word "Audubon" in connection with real estate sales and services. The Defendant, Audubon Realty, L.L.C. is a Louisiana company whose principal place of business is New Orleans, Louisiana. The name "Audubon Realty, L.L.C." is a trade name registered under Louisiana law which has been in use since 2003.[3] Audubon Real Estate Associates, L.L.C., whose principal place of business is Baton Rouge, Louisiana, was formed in 2014 and assumed the business activities of what was formerly known as Beau Box Residential Real Estate, L.L.C. In February of 2015, Audubon Realty, L.L.C. made written demand on Audubon Real Estate Associates, L.L.C. to cease and desist using the name "Audubon" in connection with real estate sales and services. Thereafter, Audubon Real Estate

---

[1] Rec. Doc. 8.
[2] Rec. Doc. 10.
[3] Rec. Doc.1-2.

27391

Associates, L.L.C. brought this Declaratory Judgment action seeking a determination of trademark rights.

Defendant, Audubon Realty, L.L.C., moves to dismiss for lack of subject matter jurisdiction or, alternatively, for lack of venue.[4]

## II. LAW AND ANALYSIS

### A. Subject Matter Jurisdiction

The Defendant argues that that there is no federal question jurisdiction pursuant to 28 U.S.C. § 1331 or 28 U.S.C. 1338.[5] Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[6] The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[7] The court may consider matters outside the pleadings, such as affidavits, to resolve a factual challenge to subject matter jurisdiction.

---

[4] Rec. Doc. 8.
[5] The Lanham Act, provides:
> The district and territorial courts of the United States shall have original jurisdiction and the courts of appeal of the United States (other than the United States Court of Appeals for the Federal Circuit) shall have appellate jurisdiction, of all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties. 15 U.S.C. §1121.

28 U.S.C. § 1338(a) provides:
> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trade-marks. No State court shall have jurisdiction over any claims for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights.

[6] *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir.1998).
[7] *Clark v. Tarrant County,* 798 F.2d 736, 741 (5th Cir.1986) (citing *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.1981).

Defendant challenges the Court's subject matter jurisdiction on two grounds. First, Defendant maintains that because the trade name at issue is not federally registered there is no Lanham Act case and, thus, no federal jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. 1338. Secondly, Defendant maintains that the *Complaint* is devoid of allegations of any significant effect on interstate commerce, which is a necessary element of a Lanham Act cause of action. Because the challenge to the Court's jurisdiction presents a question as to the existence of a cause of action under the Lanham Act, the Court evaluates it as a factual attack.[8]

The Declaratory Judgment Act provides, "in a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[9]

As in this case, declaratory judgment actions asserting intellectual property rights are often brought by potential infringers seeking a declaration of non-infringement or invalidity.[10] Defendant contends that, since there is no cause of action under the Lanham Act, there is no federal jurisdiction. Although the Defendant does not specifically argue the absence of a case or controversy required to support Article III jurisdiction, it is the ultimate issue to be decided.

---

[8] "Where the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court (assuming that the plaintiff's federal claim is not immaterial and made solely for the purpose of obtaining federal jurisdiction and is not insubstantial and frivolous) is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981).
[9] 28 U.S.C. § 2201(a).
[10] *See, e.g., Lang v. Pac. Marine & Supply Co., Ltd.,* 895 F.2d 761, 763 (Fed.Cir.1990); *Young v. Vannerson*, 612 F. Supp. 2d 829, 838 (S.D. Tex. 2009).

Trademark[11] infringement claims are governed by the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*[12] Under the Lanham Act, a trademark may be "any word, name, symbol, or device, or any combination thereof" that is used or intended to be used "to identify and distinguish" a person's goods "from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown."[13] "The protectability of unregistered marks is governed generally by the same principles that qualify a mark for registration under the Lanham Act", and "[t]he key is whether the mark is 'capable of distinguishing the applicant's goods from those of others.'"[14] Contrary to the Defendant's contention, a mark need not be registered in order to obtain protection under the Lanham Act because ownership of trademarks is established by use, not by registration.[15] The Defendant maintains that the name or mark "Audubon Realty, L.L.C." has been in continual use since 2003.[16]

It is undisputed that the Defendant demanded that Plaintiff cease and desist its use of the name in dispute.[17] The cease and desist demand states "[y]our activity is actionable under federal and state law and causes you to be liable for . . . unfair competition, trademark infringement, trademark dilution, false designation of origin and unfair trade practices"[18], most, if not all, of which are actionable under the Lanham Act. Defendant is correct in its assertion that the cease and desist letter does not create

---

[11] As used herein the terms 'trademark' or 'mark' are synonymous with trade name.
[12] *Amazing Spaces, Inc. v. Metro Mini Storage,* 608 F.3d 225, 235 (5th Cir.2010).
[13] *Board of Supervisors for Louisiana State University Agricultural and Mechanical College v. Smack Apparel Co.,* 550 F.3d 465, 475 (5th Cir. 2008).
[14] *Bd. of Supervisors for Louisiana State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.,* 550 F.3d 465 (5th Cir. 2008), *citing Two Pesos, Inc. v. Taco Cabana, Inc.* 505 U.S. 763, 768, 112 S.Ct. 2753, 2757, 120 L.Ed.2d 615 (1992).
[15] Lanham Act, § 1 *et seq.*, 15 U.S.C.A. § 1051 *et seq.*; *Union Nat. Bank of Texas, Laredo, Tex. v. Union Nat. Bank of Texas, Austin, Tex.*, 909 F.2d 839, 842 (5th Cir. 1990).
[16] Rec. Doc. 1-2.
[17] Rec. Doc. 1-2.
[18] Rec. Doc. 1-2.

jurisdiction. However, the facts alleged in the *Complaint* substantiate subject matter jurisdiction as a case and controversy arising under federal law, namely the Lanham Act. The United States Supreme Court's reasoning in the *MedImmune*[19] case informs this Court's decision. The dispute in this case is "definite and concrete".[20] The Plaintiff has taken "significant, concrete steps to conduct [allegedly] infringing activity."[21] The Plaintiff is currently using a close derivation of the name in dispute. The trademark at issue need not be registered to give rise to a claim under the Lanham Act.[22] A justiciable case or controversy exists "where the defendant takes a position that puts the declaratory judgment plaintiff in the position of either pursuing arguably illegal behavior or abandoning that which he claims he has the right to do."[23] In the context of trademarks, the purpose of a suit for declaratory judgment is to allow a person uncertain of his rights to avoid the risks attendant to delayed adjudication.[24]

The Defendant further argues that subject matter jurisdiction is lacking for the reason that "plaintiff has not alleged any facts showing a substantial effect on interstate commerce."[25] Under the terms of the Lanham Act, the alleged infringing activity must occur "in commerce." The Act provides that:

> "Any person who shall, without the consent of the registrant--
> **(a)** use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for

---

[19] *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136, 127 S. Ct. 764, 777, 166 L. Ed. 2d 604 (2007).
[20] *Id* at 126.
[21] *Young v. Vannerson*, 612 F. Supp. 2d 829, 842 (S.D. Tex. 2009), applying the analysis set forth in *MedImmune*.
[22] Lanham Act, § 1 *et seq.*, 15 U.S.C.A. § 1051 *et seq.*; *Union Nat. Bank of Texas, Laredo, Tex. v. Union Nat. Bank of Texas, Austin, Tex.*, 909 F.2d 839, 842 (5th Cir. 1990).
[23] *SanDisk Corp. v. STMicroelectronics, Inc.,* 480 F.3d 1372, 1381 (Fed.Cir.2007).
[24] *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136, 127 S. Ct. 764, 777, 166 L. Ed. 2d 604 (2007); *Young v. Vannerson,* 612 F. Supp. 2d 829, 841 (S.D. Tex. 2009). See also, *SanDisk Corp. v. STMicroelectronics NV,* 480 F.3d 1372, 1381 (Fed.Cir.2007).
[25] Rec. Doc. 8-1, p. 4.

> sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action."...[26]

"A substantial effect on interstate commerce is present when the trademark owner's reputation and good will, built up by use of the mark in interstate commerce, are adversely affected by an intrastate infringement."[27] The affidavit of the Plaintiff's manager, Beau J. Box, reveals that the Plaintiff conducts business interstate under the allegedly infringing trade name.[28] The *Complaint*, exhibits, and affidavit suffice to show that the allegedly infringing trade name has been used by the Plaintiff "in commerce . . . in connection with the sale, offering for sale, distribution, or advertising of any goods or services"[29] thereby giving rise to a cause of action under the Lanham Act and jurisdiction of this Court pursuant to 28 U.S.C. § 1338(a). Therefore, the Defendant's *Motion to Dismiss*[30] for lack of subject matter jurisdiction shall be denied.

### B. Venue

The Defendant also moves to dismiss the *Complaint* on the grounds of improper venue or, alternatively, to transfer the case to any district in which it could have been brought. Neither the Lanham Act nor the Declaratory Judgment Act contains any special venue provisions. Plaintiff contends that a "substantial part of the events or omissions giving rise to the claim occurred" in the Middle District making venue proper under 28 U.S.C. § 1391(b)(2).[31]

---

[26] 15 U.S.C. 1114(1)(a).
[27] *Coca-Cola Co. v. Stewart*, 621 F.2d 287, 290 (8th Cir. 1980), citing, *Franchised Stores of New York, Inc. v. Winter*, 394 F.2d 664, 668 (2d Cir. 1968).
[28] Rec. Doc. 10-1
[29] 15 U.S.C. 1114(1)(a).
[30] Rec. Doc. 8.
[31] Rec. Doc. 10, p. 5.

"On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff."[32] "The court may look outside of the complaint and its attachments and review the complaint supplemented by the undisputed facts evidenced in the record or by undisputed facts plus the court's resolution of disputed facts."[33]

" '[S]ubstantiality' for venue purposes is 'more a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts.'"[34] "Although the chosen venue does not have to be the place where the most relevant events took place, the selected district's contacts still must be substantial."[35] Courts have generally held the "substantial part of events" inquiry is resolved by looking to the locale of the alleged acts or omissions.[36] This is a dispute over intellectual property rights - specifically, whether Plaintiff is infringing upon Defendant's trademark. "Courts have observed that '[i]ntellectual property infringement suits often focus on the activities of the alleged infringer, its employees, and its documents; therefore, the location of the alleged infringer's principal place of business is

---

[32] *Braspetro Oil Services Co. v. Modec (USA), Inc.,* 240 Fed.Appx. 612, 615 (5th Cir.2007) (citing *Murphy v. Schneider National, Inc.,* 362 F.3d 1133, 1138 (9th Cir.2004)).

[33] *Ambraco, Inc. v. Bossclip B.V.,* 570 F.3d 233, 238 (5th Cir.2009), *cert. denied,* 558 U.S. 1111, 130 S.Ct. 1054, 175 L.Ed.2d 883 (2010).

[34] *Miller Masonry, Inc. v. EMB Quality Masonry, LLC, No.* CIV.A. 13-6737, 2014 WL 5340747, at *2 (E.D. La. Oct. 20, 2014); citing, *Univ. Rehab. Hosp., Inc. v. Int'l Co-op. Consultants, Inc.,* No. 05–1827, 2006 WL 1098905 (W.D.La. Apr. 24, 2006) (quoting *Daniel v. Am. Bd. of Emergency Med.,* 428 F.3d 408, 432–33 (2d Cir. 2005).

[35] *McClintock v. Sch. Bd. E. Feliciana Parish,* 299 F. App'x 363, 365 (5th Cir.2008); *Miller Masonry, Inc. v. EMB Quality Masonry, LLC*, No. CIV.A. 13-6737, 2014 WL 5340747, at *2 (E.D. La. Oct. 20, 2014).

[36] *See*, *Duke Energy Intern., L.L.C. v. Napoli,* 748 F.Supp.2d 656, at 681 (S.D.Tex. 2010); *CIT Group/Commercial Services, Inc. v. Romansa Apparel, Inc.*, 2003WL169208, at *3 (N.D.Tex. Jan. 21, 2003);; *see also*, *Taylor & Francis Group, PLC v. McCue*, 145 F.Supp.2d 627, 630 (E.D.Pa. 2001); *Gary Scott Intern., Inc. v. Baroudi*, 981 F.Supp. 714, 718 (D.Mass. 1997).

often the critical and controlling consideration' in adjudicating transfer of venue motions."[37] That principle guides the Court in this case.

The commencement of the alleged infringement is unclear. The *Complaint* alleges Audubon Real Estate Associates ("AREA") filed its organizational documents with the Louisiana Secretary of State on January 18, 2011.[38] However, the affidavit of AREA's manager attests that, "[o]n November 14, 2014, the name of Beau Box Residential Real Estate, L.L.C. was officially changed to Audubon Real Estate Associates, L.L.C. ("AREA")".[39] Yet, the affidavit attests as to the details of numerous real estate transactions by AREA which occurred prior to the November 2014 name change. Hence, the duration and commencement of the alleged infringement is unclear. What is clear is that the majority of AREA's transactions, some of which involve out of state buyers or sellers, involve property within the Middle District. The *Complaint* alleges that:

> Plaintiff, Audubon Real Estate Associates, L.L.C., is a real estate broker that sells real estate in the city of Baton Rouge and the parishes surrounding Baton Rouge including East Baton Rouge, West Baton Rouge, East Feliciana, Iberville, Livingston, Pointe Coupee, St Helena, West Baton Rouge, West Feliciana, St Tammany, and Tangipahoa.[40]

From the allegations of the *Complaint*, which are taken as true, and the affidavit of AREA's manager, the Court concludes that the alleged infringing conduct occurred substantially in the Middle District. Finally, the authority relied upon by the Defendant yields the same conclusion. As argued by Defendant, "the tortious wrong of trademark

---

[37] *Houston Trial Reports, Inc. v. LRP Publ'ns, Inc.,* 85 F.Supp.2d 663, 668 (S.D.Tex.1999) (Rosenthal, J.) (quoting *Habitat Wallpaper and Blinds, Inc. v. K.T. Scott Ltd. P'ship,* 807 F.Supp. 470 (N.D.Ill.1992); *Anadigics, Inc. v. Raytheon Co.,* 903 F.Supp. 615 (S.D.N.Y.1995). *Spiegelberg v. Collegiate Licensing Co.*, 402 F. Supp. 2d 786, 791-92 (S.D. Tex. 2005).
[38] Rec. Doc. 1, p. 2, ¶ 7.
[39] Rec. Doc. 10-1, p. 2.
[40] Rec. Doc. 1, p. 2, ¶ 6.

27391

infringement occurs in the location where sales or advertising takes place such that customers are likely to be deceived and confused."[41] On the record before it, the Court finds that the real estate sales brokered or transacted by AREA occurred substantially in the Middle District. Accordingly, the Defendant's *Motion to Dismiss*[42] for improper venue shall be denied.

### C. Transfer Venue

The Defendant also alternatively moves to transfer venue. However, because the Court has found that venue is proper in this district, the only grounds for transfer are pursuant to 28 U.S.C. § 1404(a). The Defendant does not move for transfer on the grounds of *forum non conveniens.* Accordingly, the Defendant's alternative motion for transfer of venue shall be denied.

### III. CONCLUSION

For the foregoing reasons;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Defendant's *Motion to Dismiss*[43] is DENIED.

Signed in Baton Rouge, Louisiana, on July 7, 2015.

_____
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[41] McCarthy on Trademarks and Unfair Competition, Fourth Edition, Procedure in Trademark Infringement and Unfair Competition Litigation § 32:63, citing *Vanity Fair Mills v. T. Eaton Co.*, 234 F.2d 633, 642 (2nd Cir.1956), *cert. denied*, 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76 (1956) and *Nuttall v. Juarez,* 984 F. Supp. 2d 637, 642 (N.D. Tex. 2013).
[42] Rec. Doc. 8.
[43] Rec. Doc. 8.

27391