UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| AUDUBON REAL ESTATE ASSOCIATES, L.L.C.,<br>　　　　　Plaintiff/Counterdefendant<br><br>v.<br><br>AUDUBON REALTY, L.L.C.,<br>　　　　　Defendant/Counterplaintiff<br>v.<br><br>BEAU BOX,<br>　　　　　Additional Counterdefendant | CIVIL ACTION<br><br>NO. 15-00115<br><br>JUDGE DICK<br><br>MAGISTRATE REIDLINGER |

## DEFENDANT'S ANSWER, DEFENSES, AND COUNTERCLAIM
## ADDING ADDITIONAL COUNTERCLAIM DEFENDANT

Defendant Audubon Realty, L.L.C. ("Audubon Realty"), for its answer to the Complaint for Declaratory Judgment filed by Audubon Real Estate Associates, L.L.C. ("Audubon Real Estate Associates"), alleges as follows:

1.　　Audubon Realty admits that the complaint purports to relate to a Lanham Act claim but denies that the Court has subject matter jurisdiction.

2.　　On information and belief, Audubon Realty admits the allegations of ¶2.

3.　　Audubon Realty admits the allegations of ¶3.

4.　　Audubon Realty denies the allegations of ¶4.

5.　　Audubon Realty denies the allegations of ¶5.

6.　　Audubon Realty denies the allegations of ¶6 for lack of information and belief sufficient to justify a belief therein, except to deny that Audubon Real Estate Associates' activities are limited to the listed parishes.

7.      On information and belief, Audubon Realty admits the allegations of ¶7.

8.      On information and belief, Audubon Realty admits the allegations of ¶8.

9.      Audubon Realty admits the allegations of ¶9 to the extent that it describes part of Audubon Realty's business but specifically denies that it only does business in the parishes listed.

10.     Audubon Realty admits that undersigned counsel sent the letter attached as Exhibit 2 to the complaint, which is in writing and the best evidence of its terms and contents. Audubon Realty denies the allegations of ¶10 to the extent that they seek to vary, modify or contradict the terms of the letter.

11.     Audubon Realty admits that undersigned counsel the letter attached as Exhibit 3 to the complaint, which is in writing and the best evidence of its terms and contents.  Audubon Realty denies the allegations of ¶11 to the extent that they seek to vary, modify or contradict the terms of the letter.

12.     Audubon Realty denies the allegations of ¶12.

13.     Paragraph 13 sets forth conclusions of law that require no answer.

14.     Audubon Realty denies the allegations of ¶14.

15.     Paragraph 15 sets forth conclusions of law that require no answer.

16.     Audubon Realty denies the allegations of ¶16 for lack of information sufficient to justify a belief therein, except to specifically deny that the mark "Audubon Realty" has any geographic meaning and that customers are likely to make a services-place association.

17.     To the extent that ¶17 sets forth conclusions of law, they require no answer. Audubon Realty denies all other allegations of ¶17.

18.     Audubon Realty denies that Audubon Real Estate Associates is entitled to the relief sought in ¶18.

19.     Audubon Realty denies the allegations of ¶19.

20.     Audubon Realty denies the allegations of ¶20.

21.     Audubon Realty denies the allegations of ¶21.

22.     Audubon Realty denies the allegations of ¶22.

23.     Audubon Realty denies the allegations of ¶23.

24.     Audubon Realty denies that plaintiff is entitled to the relief sought in ¶24.

Audubon Realty asserts the following defenses:

## First Affirmative Defense

Audubon Real Estate Associates has failed to state a cause of action upon which relief can be granted.

## Second Affirmative Defense

Audubon Real Estate Associates' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel and/or unclean hands.

## Third Affirmative Defense

To the extent not set forth herein, Audubon Realty reserves the right to assert additional defenses that become available or apparent during discovery and to amend this answer.

## COUNTERCLAIM

For its counterclaim against Audubon Real Estate Associates and additional counterclaim defendant Beaux Box, Audubon Realty alleges as follows:

1.     Mad additional counterclaim defendant herein is Beau Box is an individual of the full age of majority believed to be domiciled in the Parish of East Baton Rouge, State of Louisiana, who is the manager of Audubon Real Estate Associates.

2.      Mr. Box actively and knowingly participated in the furtherance of the infringements described herein and should now be required to account to Audubon Realty for the resulting damages *in solido* with Audubon Real Estate Associates under Louisiana Civil Code Article 2324, which provides for solidary liability among joint conspirators of intentional torts.

3.      On September 22, 2003, David Reso and Joshua Willett registered the trade name "Audubon Realty, L.L.C." in the class of real estate sales and services.On August 22, 2005, Messrs. Reso and Willett assigned the trade name to Audubon Realty, which they had organized in 2004.

4.      Audubon Real Estate Associates is domiciled in Metairie, Louisiana and is a full service real estate broker licensed in the State of Louisiana and currently servicing the Greater New Orleans Metropolitan market.

5.      On January 30, 2015, Audubon Realty re-registered the trade name "Audubon Realty, L.L.C."

6.      The trade name "Audubon Realty, L.L.C." has been in continuous use by Mr. Willett and Mr. Reso and/or Audubon Realty since September 17, 2003.

7.      Effective August 24, 2005August 21, 2005, David Reso registered the trade name "Audubon Realty Group" in the class of real estate sales and services.

8.      The trade name "Audubon Realty Group" has been in continuous use by Mr. Reso and/or Audubon Realty since August 21, 2005.

9.      On April 3, 2013, Beau Box, the broker/owner of Beau Box Residential Real Estate, L.L.C. in Baton Rouge, contacted Mr. Reso.  Mr. Box asked if Mr. Reso was interested in selling Audubon Realty.  Mr. Box specifically stated that he wanted to acquire the name "Audubon Realty".  Mr. Reso declined to sell to Mr. Box.

10.     Mr. Box organized Audubon Real Estate Associates on April 7, 2014 but then voluntarily dissolved the company on November 14, 2014.

11.     On November 14, 2014, Mr. Box changed the name of Beau Box Residential Real Estate, L.L.C. to Audubon Real Estate Associates, L.L.C.  Audubon Real Estate then proceeded to obtain a Louisiana service mark described as "logo: capital A in white lettering on navy blue background above the word Audubon in green capital letters above the words Real Estate Associates in navy blue capital letters."

12.     In early January 2015, Audubon Realty learned that Mr. Box was using the name "Audubon Real Estate Associates, L.L.C."  Audubon Realty then sent Mr. Box a cease and desist letter.  Audubon Real Estate Associates' counsel responded with a letter refusing to comply with the cease and desist.  Audubon Realty's counsel rebutted that letter, but this suit followed.

**COUNT ONE**
**STATE TRADEMARK INFRINGEMENT**

1.     Audubon Real Estate Associates' use of confusingly similar imitations of Audubon Realty's marks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Audubon Realty's services are associated or connected with defendant or have its sponsorship, endorsement or approval.

2.     Audubon Real Estate Associates has used marks confusingly similar to Audubon Realty's marks in violation of La. Rev. Stat. § 51:222, and Audubon Real Estate Associates' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Audubon Realty's goodwill and reputation as symbolized by its marks.

3.      Audubon Real Estate Associates' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Audubon Realty's marks to Audubon Realty's great and irreparable injury.

4.      Audubon Real Estate Associates has caused and is likely to continue causing substantial injury to the public and to Audubon Realty, and Audubon Realty is entitled to injunctive relief and impoundment and destruction of any materials using the marks and to recover actual damages, defendants' profits, costs and reasonable attorneys' fees under La. Rev. Stat. § 51:223.

**COUNT TWO**
**STATE UNFAIR TRADE PRACTICES**

5.      Audubon Real Estate Associates' acts referenced hereinabove are unethical, oppressive, unscrupulous, and substantially injurious to consumers.   Audubon Real Estate Associates' acts are also likely to cause confusion as to the source, sponsorship, approval, affiliation, connection, or association of Audubon Realty's services.   Audubon Real Estate Associates' acts constitute unfair methods of competition or unfair or deceptive acts or practices in the conduct of trade or commerce in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. § 51:1409

6.      As a result of its acts, Audubon Real Estate Associates has caused and will continue to cause injury to Audubon Realty, and Audubon Realty is entitled to damages, double damages, and attorneys' fees.

**COUNT THREE**
**STATE UNFAIR COMPETITION**

7.      Audubon Real Estate Associates' conduct was committed with actual malice and constitutes unfair competition prohibited under La. Civ. Code art. 2315.

8.      Accordingly, Audubon Realty is entitled to injunctive relief against any ongoing unfair competition and to recover damages resulting therefrom.

### COUNT FOUR
### VIOLATION OF LA. REV. STAT. § 12:23

9.      Louisiana Revised Statute § 12:23B provides that a company name registered with the Secretary of State shall be distinguishable from a name reserved by another company and "shall be distinguishable from the name of any other corporation, limited liability company, or trade name registered with the secretary of state" unless certain exceptions apply, which are not applicable here.

10.     Audubon Real Estate Associates' registration of the name "Audubon Real Estate Associates, Inc." violates § 12:23B.

11.     Pursuant to La. Rev. Stat. § 12:23F, Audubon Real Estate Associates should be enjoined from doing business under the name "Audubon Real Estate Associates, Inc." or any other name similar thereto.

### COUNT FIVE
### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

12.     Audubon Real Estate Associates' acts referenced hereinabove constitute common law trademark infringement and unfair competition, and have created and will continue to create a likelihood of confusion, to the irreparable injury of Audubon Realty unless restrained by this Court.

13.     Audubon Real Estate Associates acted with full knowledge of Audubon Realty, its marks, and Audubon Realty's statutory and common law rights therein and without regard to the likelihood of confusion of the public created by Audubon Real Estate Associates' activities.

14.     Audubon Real Estate Associates' actions demonstrate an intentional, willful, and malicious intent to trade on the good will associated with Audubon Realty, and to pass off their services as those of Audubon Realty, to the great and irreparable injury of Audubon Realty.

15.     Accordingly, Audubon Realty is entitled to injunctive relief against any ongoing infringement and unfair competition and to recover damages resulting therefrom.

## COUNT SIX
## FEDERAL UNFAIR COMPETITION

16.     It is Audubon Realty's position that the Court has no jurisdiction under the Lanham Act; however, the Court has ruled otherwise, and Audubon Realty therefore brings the following claims under the Lanham Act.

17.     By reason of the foregoing facts alleged, Audubon Realty hereby asserts a claim against Audubon Real Estate Associates for injunctive and monetary relief pursuant to § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with regards to the false designation of origin and false descriptions and representations in commerce by Audubon Real Estate Associates.

18.     Audubon Real Estate Associates' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Audubon Realty to the great and irreparable injury of Audubon Realty.

19.     Audubon Real Estate Associates' conduct has caused, and is likely to continue causing, substantial injury to the public and to Audubon Realty, and defendant is entitled to injunctive relief and impoundment and destruction of Audubon Real Estate Associates' materials bearing the infringing marks, and to recover actual damages, profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

WHEREFORE, Audubon Realty prays that after due proceedings be had that the Court render judgment in favor of Audubon Realty and against Audubon Real Estate Associates and Beau Box:

1.  dismissing Audubon Real Estate Associates' complaint with prejudice,

2.  awarding Audubon Realty, against Audubon Real Estate Associates and Beau Box, damages, double damages, profits, and enhanced profits and damages on its counterclaim and third party demand,

3.  imposing on Audubon Real Estate Associates and Beau Box all costs, expenses, out of court costs and reasonable attorney fees incurred by Audubon Realty,

4.  imposing on Audubon Real Estate Associates and Beau Box any prejudgment and post judgment interest to which Audubon Realty may be entitled, and

5.  granting such additional relief as is appropriate.

Respectfully submitted,


/s/ Duris L. Holmes
Duris L. Holmes (#17629)
**DEUTSCH, KERRIGAN & STILES, L.L.P.**
755 Magazine Street
New Orleans, LA  70130
Telephone:  (504) 581-5141
Facsimile:  (504) 566-1201
dholmes@dkslaw.com

**Attorneys for Audubon Realty, L.L.C.**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 31st day of July, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Duris L. Holmes
Duris L. Holmes