# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

AUDUBON REAL ESTATE ASSOCIATES, L.L.C                    CIVIL ACTION

VERSUS                                                                                  15-115-SDD-EWD

AUDUBON REALTY, L.L.C.

## RULING

Before the Court is a *Motion to Dismiss Counterclaim Pursuant to Rule 12(b)(6)*[1] filed by Beau Box. The Motion is opposed.[2]  For the following reasons, the Court DENIES the *Motion*.

## I.      BRIEF FACTUAL AND PROCEDURAL BACKGROUND

Audubon Real Estate Associates, L.L.C. ("AREA") brought a declaratory judgment action against Audubon Realty, L.L.C. ("AR") seeking a determination of trademark rights under the Lanham Act, 15 U.S.C. § 1051, *et seq*.[3]  AR asserts counterclaims against AREA and named Beau Box ("Box"), a managing member of AREA[4], as a Defendant on the counterclaim.[5]

AR's counterclaim alleges that Box "actively and knowingly participated in the furtherance of the infringements described [in the counterclaim]" and is, therefore, liable for damages *in solido* with AREA under Louisiana Civil Code article 2324.[6]  AR alleges

---

[1] Rec. Doc. 22.
[2] Rec. Doc. 25.  Beau Box filed a subsequent *Reply* brief which has also been considered by the Court. Rec. Doc. 26.
[3] Rec. Doc. 1.
[4] Rec. Doc. 22-1.
[5] Rec. Doc. 19.
[6] Rec. Doc. 19, p. 4, ¶2.

that Box sought out Mr. Reso, one of the registered trade name owners of "Audubon Realty, L.L.C.", because he wanted to acquire the name "Audubon Realty."[7]  When asked if he was interested in selling the name to Box, Mr. Reso declined.[8]  It is further alleged that approximately one year later, on April 7, 2014, Box organized Audubon Real Estate Associates, but then voluntarily dissolved the company on November 14, 2014.[9]  On the same day as the dissolution, Box allegedly changed the name of Beau Box Residential Real Estate, L.L.C. to Audubon Real Estate Associates, L.L.C.[10]  AR contends that AREA then obtained a Louisiana service mark described as "logo: capital A in white lettering on navy blue background above the word Audubon in green capital letters above the words Real Estate Associates in navy blue capital letters."[11]  In January of 2015, AR sent Box a cease and desist demand to no avail.[12]  Based upon these factual allegations, AR asserts state law counterclaims for trademark infringement (La. R.S. 51:222), unfair trade practices (La. R.S. 51:1409), unfair competition (La. Civ. Code art. 2315), and violations of Louisiana's company name registration statute (La. R.S. 12:23).  AR also asserts counterclaims for unfair competition under the Lanham Act and separate common law trademark infringement and unfair competition claims.

Box moves for dismissal pursuant to FRCP Rule 12(b)(6).[13]  Box argues that, under Louisiana law, the only way that he can be held liable as a member and manager

---

[7] Rec. Doc. 19, p. 4, ¶¶6, 8, and 9.
[8] Rec. Doc. 19, p. 4, ¶9.
[9] Rec. Doc. 19, p. 5, ¶10.
[10] Rec. Doc. 19, p. 5, ¶11.
[11] Rec. Doc. 19, p. 5, ¶11.
[12] Rec. Doc. 19, p. 5, ¶12.
[13] The Rule 12(b)(6) motion does not challenge the viability of the counterclaim asserted against AREA. The motion solely seeks dismissal of the counterclaim as to Box.

of an L.L.C. would be if he acted outside of the scope of his authority, which AR fails to allege.

## II.    LAW AND ANALYSIS

### A.  Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[14]   The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[15]   "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[16]   In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss.[17]   "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[18]   A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[19]   However, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

---

[14] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).
[15] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011)(quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[16] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).
[17] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (hereinafter *Twombly*).
[18] *Twombly*, 550 U.S. at 555 (internal citations and brackets omitted).
[19] *Ashcroft v. Iqbal*, 556 U.S. 662, at 678 (2009) (internal citations omitted)(hereinafter "*Iqbal*")(quoting *Twombly*, 550 U.S. at 557).

the defendant is liable for the misconduct alleged."[20]   In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully."[21]   "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[22]   On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[23]

In support if his *Motion to Dismiss* individual capacity claims, Box advances the corporate/LLC shield of liability.

### B.  Individual Liability for an L.L.C.'s Alleged Trademark Violations

A limited liability company is a business entity that is separate from its members and the liability of its members is governed solely by the law of limited liability companies.[24]   As a general rule, "an individual member is not personally responsible for the liabilities of an L.L.C. beyond the member's capital contributions, with only specifically enumerated exceptions in cases of fraud, breach of professional duty, or other 'negligent or wrongful act.'"[25] Louisiana's limited liability law provides that "no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company."[26]   Additionally, "a member, manager, employee, or agent of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except when the object is to enforce such person's rights against or liability to the limited liability company."[27]   Subsection D of La. R.S.

---

[20] *Id.* (citing *Twombly*, 550 U.S. at 556).
[21] *Id.*
[22] *Taha v. William Marsh Rice Univ.*, No. H-11-2060, 2012 WL 1576099 at *2 (S.D. Tex. May 3, 2012) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[23] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[24] *Ogea v. Merritt*, 130 So.3d 888, 894-95 (2013); La. R.S. 12:1320(A).
[25] *Cargill, Inc. v. Clark*, No. 14-00233-BAJ-SCR, 2015 WL 4715010, at *8 (M.D. La. Aug. 7, 2015).).
[26] La. R.S. 12:1320(B).
[27] La. R.S. 12:1320(C).

12:1320 provides enumerated exceptions to the general rule that shields L.L.C. members from liability for the acts of the L.L.C. It provides:

> Nothing in this Chapter shall be construed as being in derogation of any rights which any person may by law have against a member, manager, employee, or agent of a limited liability company because of fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person, or in derogation of any right which the limited liability company may have against any such person because of any fraud practiced upon it by him.[28]

Construing La. R.S. 12:1320(D), this District has recognized that "[t]o be held personally liable, a member [or manager] must commit fraud, breach a professional duty, or perform a negligent or wrongful act against another."[29]  Here, AR does not allege fraud or breach of a professional duty by Box. Thus, the issue is whether the allegations of AR's counterclaim state a plausible claim of a negligent or wrongful act by Box within the meaning of La. R.S. 12:1320(D).

AR disputes that the allegations against Box must be examined under the "piercing the corporate veil" doctrine. AR cites Fifth Circuit jurisprudence for the proposition that, "in the context of trademark infringement, requiring a piercing of the corporate veil to hold individuals liable would be putting the cart before the horse."[30]  AR argues that LLC members, like corporate officers, directors, and/or employees, may be held individually liable for trademark infringement and other torts.[31]

---

[28] La. R.S. 12:1320(D).

[29] *J & J Sports Production, Inc. v. KCK Holdings, LLC*, No. 14-00269-BAJ-RLB, 2015 WL 7195770, *6 (M.D. La. Nov. 16, 2015).

[30] *Engineering Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1349-50 (5th Cir. 1994), *citing, Mead Johnson & Co. v. Baby's Formula Service, Inc.,* 402 F.2d 19, 23 (5th Cir.1968).

[31] Rec. Doc. 25; ''A trademark, like a patent or a copyright, may be infringed by an individual as well as a corporation and all participants, including those acting merely as officers of a corporation, may be jointly and severally liable." 4 McCarthy on Trademarks and Unfair Competition § 25:24 (4th ed.).

In *Mead,*[32] a 1968 case arising under the Lanham Act, and in *EDI,*[33] a 1994 case arising under the Lanham and Federal Copyright Acts, the Fifth Circuit found that corporate principals may be answerable for corporate trademark and copyright infringements where the individual principal initiates the alleged violations for his or her own personal gain. Thus, the Court is confronted with ostensibly competing precedents. On the one hand, the Fifth Circuit directs that individual shareholders may have personal liability for copyright and trademark violations committed in the name of and for the benefit of a corporation they own. On the other hand, it is abundantly well-settled that individual owners or members of LLC's (like corporate shareholders) are not, as a general rule, answerable for the liabilities of the LLC. Box argues that "[t]he individual defendants named in *Mead* were 'officers or employees' of a corporation, not an LLC. The 1968 *Mead* decision did not purport to address the liability of members or managers of an LLC - nor could it have since the first LLC did not appear in Louisiana until approximately 1992".[34] The Court is unpersuaded by this rather simplistic argument. The limited liability of LLC members derives from the same purposes and policy considerations underlying the limited liability of corporate shareholders.[35]

In this case, AR expressly relies on Louisiana Civil Code article 2324 as the source of Box's individual liability.[36] Civil Code article 2324 provides for solidary liability for joint conspirators of intentional torts. "To recover under a conspiracy theory of solidary liability,

---

[32] *Mead Johnson and Company v Baby's Formula Service, Inc.* 402 F.2d 19 (5th Cir. 1968).
[33] *Engineering Dynamics, Inc. v Structural Software, Inc.* 26 F.3d 1335 (5th Cir. 1994), (other grounds clarified on rehearing).
[34] Rec. Doc. 26 (citations omitted).
[35] "LLCs are not different from corporations in any sense that would justify a different approach to such questions of personal liability." *Ogea v. Merritt,* 130 So.3d 888, 901 (2013), *citing,* 8 Glenn G. Morris & Wendell H. Holmes, Louisiana Civil Law Treatise: Business Organizations § 44.06 (2013).
[36] Rec. Doc. 19, p. 4, ¶2.

a plaintiff must prove that an agreement existed to commit an illegal or tortious act; the act was actually committed and resulted in plaintiff's injury; and there was an agreement as to the intended outcome or result."[37]

Box argues that AR failed to plead a claim for civil conspiracy because AR fails to allege an agreement between the Defendants to inflict any wrong, and the existence of a business relationship among the Defendants is insufficient. Defendants also argue that Plaintiffs did not assert any overt acts taken by any Defendants in furtherance of an alleged conspiracy. The Court finds that the allegations that Box "actively and knowingly participated in the [LLC's] infringements" states a plausible claim for relief under Louisiana Civil Code article 2324.

### C.  Analysis of La. R.S. 12:1320(D)

In *Ogea v. Merritt*,[38] the Louisiana Supreme Court "authoritatively construed" the exceptions to the general rule of member and manager limited liability set forth in La. R.S. 12:1320(D).[39]  In its discussion of the terms "negligent and wrongful act," the *Ogea* court found that "the terms 'negligent' act and 'wrongful act' as employed in La. R.S. 12:1320(D) are not limited to 'torts'".[40]  The court set forth four factors to be considered when determining whether "the general rule of limited liability must yield to the exception for a

---

[37] *Watson v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, No. 14-1312, 2015 WL 5714635, at *9 (E.D. La. Sept. 29, 2015) (internal citations omitted).

[38] 130 So.3d 888 (2013).

[39] In *Medeaa v. K.A.P. Enters., L.L.C.*, 756 F.3d 875, 885 (5th Cir. 2014), the Fifth Circuit explained that the Louisiana Supreme Court in *Ogea v. Merritt* "authoritatively construed" La. R.S. 12:1320.  Subsequent to *Ogea*, however, federal and state courts have continued to rely upon Louisiana's jurisprudential piercing of the corporate veil to determine individual liability of LLC members.  *See*, *Medeaa v. K.A.P. Enterprises, L.L.C.*, No. 09-1211, 2015 WL 1564876 (W.D. La. Apr. 7, 2015)(on remand from Fifth Circuit district noted that "neither the Louisiana Supreme Court in *Ogea* nor the Fifth Circuit in its analysis of [its] prior ruling required that § 12:1320 be the exclusive remedy for holding members of LLCs personally liable for their actions when fraud is involved.") (Currently on appeal to the Fifth Circuit); *see also*, *Cargill, Inc. v. Clark*, No. 14-00233-BAJ-SCR, 2015 WL 4715010 (M.D. La. Aug. 7, 2015) (discussing federal and state court cases applying jurisprudential piercing of corporate veil analysis).

[40] *Ogea* 130 So.3d at 900.

member's 'negligent or wrongful act'."[41]  The four factors to be considered are: "1) whether a member's conduct could be fairly characterized as a traditionally recognized tort; 2) whether a member's conduct could be fairly characterized as a crime, for which a natural person, not a juridical person, could be held culpable; 3) whether the conduct at issue was required by, or was in furtherance of, a contract between the claimant and the LLC; and 4) whether the conduct at issue was done outside the member's capacity as a member."[42]

There are no allegations in AR's counterclaim against Box which assert criminal conduct or breach of contract. The inquiry for this Court is whether Box's conduct could "be fairly characterized as a traditionally recognized tort" and "whether the conduct at issue was done outside the member's capacity as a member."[43]

As to Box, the counterclaim alleges that, after being denied the ability to purchase the name "Audubon Realty," Box "changed the name of Beau Box Residential Real Estate, L.L.C. to Audubon Real Estate Associates, L.L.C." and applied for a Louisiana service mark using the name[44]  and that Box rejected AR's cease and desist demands.[45] AR alleges that Box "actively and knowingly participated in the furtherance of the infringements described herein".[46]

Box contends that AR's failure to specifically name him as a Defendant in each of the six counts is fatal to AR's counterclaim, the Court finds otherwise.  To accept Box's argument, the Court would have to overlook one of the initial allegations against Box—

---

[41] *Ogea*, 130 So.3d at 905.
[42] *Ogea,* 130 So.3d at 900-01.
[43] *Id.*
[44] Rec. Doc. 19, pp. 4-5, ¶¶9, 10, and 11.
[45] Rec. Doc. 19, p. 5, ¶12.
[46] Rec. Doc. 19, p. 4, ¶2.

that he "actively and knowingly participated in the infringements described herein."[47]  Nor is the Court persuaded by Box's argument that, simply because AR did not specifically allege that he committed any "wrongful or negligent act outside of his role as the manager of AREA," the counterclaim must be dismissed. The *Ogea* court observed that "the member's tort duty embodied in La. R.S. 12:1320(D) must be something more than the duty inherent [to] the LLC".[48] Duty is a question of law. *Mead*[49] and *EDI*[50] can be fairly read to impose upon the principal of a closely held entity a duty to refrain from self-dealing through the mechanism of a business enterprise controlled by the principal. The Court finds that, in the context of this Rule 12(b)(6) inquiry, AR's counterclaim makes plausible claims that Box's "conduct could be fairly characterized as a traditionally recognized tort"[51] and, thus, trigger exception to limited liability under La. R.S. 12:1320(D).

### D.  AR's Counterclaim Brought Pursuant to La. R.S. 12:23(B)

In preparing its *Ruling*, the Court researched the laws supporting each of AR's claims, including La. R.S. 12:23(B).   During this process, the Court discovered that the Louisiana Legislature repealed La. R.S. 12:23 during the 2014 Legislative Session.[52] Therefore, the parties are hereby ordered to address why this claim should not be dismissed as to both AREA and Box.

---

[47] Rec. Doc. 19, p. 4, ¶2.
[48] *Ogea,* 130 So.3d at 902.
[49] Note 32, *supra.*
[50] Note 33, *supra.*
[51] *Ogea,* 130 So.3d at 900-901.
[52] Acts 2014, No. 328, § 5, eff. Jan. 1, 2015.

## III.    CONCLUSION

For the foregoing reasons, Beau Box's *Motion to Dismiss Counterclaim Pursuant to Rule 12(b)(6)*[53] is hereby DENIED.

It is further ordered that the Parties shall submit briefs, not to exceed five (5) pages, as to why the Court should not dismiss Audubon Realty, L.L.C.'s claim brought pursuant to La. R.S. 12:23(B).  Briefs shall be due within 21 days from the date of this *Ruling*.

Signed in Baton Rouge, Louisiana on February 24, 2016.


_____

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[53] Rec. Doc. 22.