## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

AUDUBON REAL ESTATE
ASSOCIATES, L.L.C.

CIVIL ACTION

VERSUS

15-115-SDD-EWD

AUDUBON REALTY, L.L.C.

### RULING

Before the Court is Plaintiff's *Motion for Partial Summary Judgment*.[1]  Defendant

has filed an *Opposition*[2] to which the Plaintiff filed a *Reply*.[3]  For the following reasons,

the Court denies Plaintiff's *Motion*.

## I.    BRIEF FACTUAL AND PROCEDURAL BACKGROUND

Audubon Real Estate Associates, L.L.C. ("AREA") and Audubon Realty, L.L.C

("AR") are both real estate brokerage firms.  On September 22, 2003, David D. Reso

("Reso") and Joshua Willett ("Willett") registered the trade name "Audubon Realty L.L.C."

in the class of real estate sales and purchasing.[4]  On June 2, 2004, Reso and Willett

organized AR as a limited liability company domiciled in Metairie, Louisiana, and later

assigned AR the trade name.[5]  AR conducts business in the parishes of Jefferson,

Orleans, St. John the Baptist, St. Charles, St. Tammany, St. Bernard, Plaquemines, and

Tangipahoa.[6]  On April 3, 2013, Beau Box, the broker/owner of Beau Box Residential

---

[1] Rec. Doc. 27.
[2] Rec. Doc. 30.
[3] Rec. Doc. 33.
[4] Rec. Doc. 30-2, p. 1, ¶4.
[5] Rec. Doc. 30-2, p. 1, ¶¶7-8.
[6] Rec. Doc. 30-1, pp. 1-2, ¶8; Rec. Doc. 30-2, p. 2, ¶10.

Real Estate, L.L.C., asked Reso if he was interested in selling AR to him.[7]   Reso declined.[8]

On November 14, 2014, the name of Beau Box Residential Real Estate, L.L.C. was officially changed to "Audubon Real Estate Associates, L.L.C.[9]  AREA is domiciled in Baton Rouge and allegedly conducts business in the City of Baton Rouge and several surrounding parishes, including East and West Baton Rouge, East and West Feliciana, Iberville, Livingston, Point Coupee, St. Helena, St. Tammany, Tangipahoa, and Jefferson.[10]  After learning that Box was using the AREA name to conduct business, in February of 2015, AR sent two cease and desist letters to Box demanding that AREA immediately cease any and all use of the name "Audubon Real Estate Associates" in commerce.[11]

AREA subsequently filed this declaratory judgment action under the Lanham Act, 15 U.S.C. §1051, *et seq.*, seeking a declaration that it has not infringed upon any legally protectable trademark of AR and that AREA's use of the mark, "Audubon Real Estate Associates" does not infringe upon any trademark rights of the Defendant in the mark, "Audubon Realty."[12]  AR responded by asserting state law counterclaims against both AREA and Box for trademark infringement (La. R.S. 51:222), unfair trade practices (La. R.S. 51:1409), unfair competition (La. C.C. art. 2315), and improper name registration of

---

[7] Rec. Doc. 30-2, p. 2, ¶12.
[8] Rec. Doc. 30-2, p. 2, ¶12.
[9] Rec. Doc. 27-3, p. 2, ¶6.
[10] Rec. Doc. 1, p. 2, ¶6.  In his Affidavit, Box only attests to sales that occurred in the City of Baton Rouge and the Parishes of Livingston and Jefferson.
[11] Reso attested to learning of Box's use of the name "Audubon Real Estate Associates, L.L.C." for the purpose of conducting business in January of 2015. Rec. Doc. 30-2, p. 2, ¶13; Rec. Doc. 1-2.  Rec. Doc. 1-3.
[12] Rec. Doc. 1.

33133                                     2

a limited liability company (La. R.S. 12:1306).[13]  AR has also asserted counterclaims alleging common law trademark infringement and unfair competition; and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).[14]  AREA now seeks partial summary judgment on one of its claims.  Specifically, AREA seeks a declaration that its use of the name "Audubon Real Estate Associates" in markets outside of AR's area of actual use, or the Greater New Orleans metropolitan market, does not infringe on any protectable trademark owned by AR.  AREA contends that, because "Audubon Realty" is descriptive mark, AR must prove its name has any secondary meaning in order to have trademark protection.  AREA argues that AR simply cannot satisfy its burden.  AR disagrees, arguing that it does not need to prove secondary meaning outside of the Greater New Orleans metropolitan market.  In the alternative, AR argues that it could satisfy its burden of proving secondary meaning.  For the following reasons, the Court denies AREA's *Motion*.

## II.    LAW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[15]  "An issue is material if its resolution could affect the outcome of the action."[16]  "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the

---

[13] Rec. Doc. 19; Rec. Doc. 40.
[14] Rec. Doc. 19.
[15] Fed. R. Civ. P. 56(a).
[16] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005)(quoting *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003)).

evidence."[17]  "A party moving for summary judgment 'must "demonstrate the absence of a genuine issue of material fact," but need not negate the elements of the nonmovant's case.'"[18]  If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[19]  However, the non-moving party's "burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[20]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[21]  The Court must resolve all reasonable factual inferences in favor of the nonmoving party.[22]  However, "[t]he court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[23]  "Conclusory allegations unsupported by specific facts, however, will not prevent an award of summary judgment; 'the plaintiff

---

[17] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008)(citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

[18] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D.La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986)).

[19] *Rivera v. Houston Independent School Dist.,* 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)(internal quotations omitted)).

[20] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(internal quotations and citations omitted)).

[21] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[22] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

[23] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010)(citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

[can]not rest on his allegations . . . to get to a jury without 'any significant probative evidence tending to support the complaint.'"[24]

## III.    ANALYSIS

Initially, the Court notes that AR has not asserted a counterclaim against AREA and Box for the infringement of a federally registered trademark under the Lanham Act;[25] rather, AR has asserted a claim for trademark infringement under Louisiana law. Nevertheless, under Louisiana law, the requirement of proving secondary meaning for certain trade names still exists.

> Whether there has been a trade name infringement centers upon the distinctiveness of the name used.  Trade names are often classified in categories of generally increasing distinctiveness: (1) generic; (2) descriptive; (3) suggestive; (4) arbitrary; or (5) fanciful.  The general rule regarding distinctiveness is clear.  An identifying mark is distinctive and capable of being protected if it either (1) is inherently distinctive or (2) has acquired distinctiveness through secondary meaning.  Secondary meaning is used generally to indicate that a mark or dress has come through use to be uniquely associated with a particular manufacturer's product or service.[26]

"Whether a name has acquired a secondary meaning is a factual issue."[27]  The plaintiff bears the burden of proving secondary meaning.[28]  "The plaintiff's proof may consist of, among other things, 1) direct evidence such as testimony from individual consumers and surveys, 2) proof of actual instances of confusion, or 3) indirect evidence such as the

---

[24] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249)(citation omitted)).
[25] Rec. Doc. 19; Rec. Doc. 40.
[26] *Louisiana Granite Yard, Inc. v. LA Granite Countertops, L.L.C.*, 45,482 (La.App. 5 Cir. 8/18/10), 47 So.3d 573, 580.
[27] *Ramsey's Mfg. Jewelers, Inc. v. Ramsey*, 05-307 (La.App. 5 Cir. 2/14/06), 924 So.2d 1045, 1051 (Restatement §13, comment e).
[28] *Id.* (citing *Gulf Coast Bank v. Gulf Coast Bank & Trust Co.*, 94-2203 (La. 4/10/95), 652 So.2d 1306, 1314).

volume of business done under the name, the length of time the designation has been in use, advertising and promotional efforts, and the conspicuousness of the designation."[29]

In this case, AREA argues that AR's name is not distinctive because it is geographically descriptive.  Therefore, in order for AR to obtain trademark protection, it would have to prove that its geographically descriptive name had acquired a secondary meaning. In response, AR counters that its name was derived from the famous ornithologist, John James Audubon, and not any particular place.  Because its name is not geographically descriptive, AR asserts that the Court need not reach the issue of whether its mark has a secondary meaning, much less whether it has a secondary meaning outside of its area of actual use.

The Court finds that, regardless of whether AR's name refers to a geographic place or was derived from a surname, AR must still show a secondary meaning to obtain trademark protection.  Geographic terms are included in the category of descriptive terms, which must have secondary meaning to be a protectable trademark.[30]  Similarly, "[p]ersonal names, including both first names and surnames, are not considered to be inherently distinctive and are therefore protectable as trademarks or trade names only upon proof of secondary meaning."[31]  Therefore, in order for AR to have a protectable interest in the "Audubon" mark, it must prove secondary meaning.

On this point, AREA contends that AR cannot meet its burden of showing secondary meaning *outside* of its area of actual use, or the "Greater New Orleans

---

[29] *Id.* (citing *Gulf Coast Bank,* 652 So.2d at 1314; Restatement §13).
[30] *McCain d/b/a "Shoetique" v. Designer Shoes Warehouse, LLC d/b/a "Unique Shoetique" and ABC Insurance Co.*, 03-1022 (La.App. 5 Cir. 12/30/03), 864 So.2d 784, 787 (quoting *Gulf Coast Bank v. Gulf Coast Bank & Trust Co.*, 94-2203 (La. 4/10/95), 652 So.2d 1306)).
[31] *Ramsey's Mfg. Jewelers, Inc. v. Ramsey*, 05-307 (La.App. 5 Cir. 2/14/06) 924 So.2d 1045, 1052 (quoting Comment e of Restatement (Third) of Unfair Competition § 14 (1995)).

33133                                                          6

Metropolitan Area."   However, herein lies the problem—AR has presented evidence that creates a genuine issue of material fact as to its area of actual use.

In its *Statement of Undisputed Material Facts*, AREA states that it "assists with the sale of real estate in the city of Baton Rouge and in many surrounding parishes, including East Baton Rouge, West Baton Rouge, East Feliciana, West Feliciana, Iberville, Livingston, Point Coupee, St. Helena, St. Tammany, **Tangipahoa**, and Jefferson."[32] Relying on an April 15, 2015 *Declaration* of AR's co-founder, Reso, AREA asserts that AR "only does business in the Greater New Orleans metropolitan market."[33]

However, in its *Statement of Contested Material Facts*, AR asserts that "[s]ince Mr. Reso's prior declaration, in preparing responses to AREA's discovery requests, Mr. Reso documented that AR has also done business in Tangipahoa Parish, which is outside the New Orleans metropolitan area."[34]   The *Statement of Contested Material Facts* was accompanied by another *Declaration* by Reso, wherein he attests to the following fact:

> AR's brokers are licensed throughout the State of Louisiana.  AR has participated in the sale of approximately 955 properties in Orleans, Jefferson, St. John the Baptist, St. Charles, St. Tammany, St. Bernard, Plaquemines, and **Tangipahoa** Parishes.  Of those 955 sales, approximately 34 have been in the Audubon or University district of New Orleans.[35]

The Court finds that Reso's subsequent attestation merely supplements and does not contradict his prior sworn statement.  In his initial *Declaration*, Reso attests to the fact that AR conducted business in the Greater New Orleans metropolitan area.  In his subsequent

---

[32] Rec. Doc. 27-1, p. 1, no. 2. (emphasis added).

[33] Rec. Doc. 27-1, p. 1, no. 4.  Reso attested to the following fact: "Audubon Realty is domiciled in Metairie, Louisiana and is a full service REO Brokerage firm servicing the Greater New Orleans metropolitan market. Audubon Realty does not do business outside of the Greater New Orleans metropolitan market."  Rec. Doc. 8-2, p. 1, ¶7.

[34] Rec. Doc. 30-1, p. 1, no. 4.

[35] Rec. Doc. 30-2, p. 2, ¶10. (emphasis added).

*Declaration*, Reso simply delineates those specific parishes within which AR actually conducts business.[36]  Because these attestations do not conflict, the Court may and will consider the second *Declaration* in ruling on AREA's summary judgment motion.[37]

Importantly, AR has offered evidence showing that it conducts business in Tangipahoa Parish—a parish that AREA also claims to conduct business and has argued was outside of AR's "area of actual use."  Based on this information, it is clear that the parties' business activities overlap in at least one parish—Tangipahoa Parish—outside of the Greater New Orleans metropolitan market.[38]  Accordingly, the Court finds that a genuine issue of material fact exists regarding AR's area of actual use.  Therefore, AREA's *Motion* shall be denied.

---

[36] Within the Fifth Circuit, "when an affidavit merely supplements rather than contradicts prior [sworn] testimony" a court may consider the affidavit when evaluating a summary judgment motion.  *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 496 (5th Cir. 1996)(citing *Clark v. Resistoflex Co.*, 854 F.2d 762, 766 (5th Cir. 1988)).

[37] *Hardesty v. Waterworks Dist. No. 4 of Ward Four*, 2014 WL 4792102, *4 (W.D.La. Sept. 24, 2014)(finding affidavit to supplement prior testimony, court considered affidavit in ruling on summary judgment); *E.E.O.C. v. Regions Financial Corp.*, 2010 WL 173371, *6 (S.D.Tex. Jan. 12, 2010)(explaining that "when an affidavit merely supplements or clarifies rather than contradicts prior sworn testimony, a court may consider that affidavit when evaluating genuine issues in a motion for summary judgment").

[38] For the purpose of this motion, AREA limited its focus to areas outside of AR's area of actual use or the New Orleans market area.  AREA acknowledged that AR's area of actual use would include Jefferson Parish, a parish in which both parties claim to conduct business.

IV.     **CONCLUSION**

For the foregoing reasons, the Court denies Audubon Real Estate Associate's

*Motion for Partial Summary Judgment.*[39]

Signed in Baton Rouge, Louisiana on <u>August 22, 2016</u>.


*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[39] Rec. Doc. 27.

33133                                        9